CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO



PUEBLO OF POJOAQUE,

Plaintiff,

vs.  No. CV 98-1517 SC/LFG

DENNIS R. HOLLOWAY,

Defendant.

DENNIS R. HOLLOWAY, individually and
DENNIS R. HOLLOWAY, d/b/a POEH
ARCHITECTURE & PLANNING,

Counterclaimants,

vs.

PUEBLO OF POJOAQUE,

Counterdefendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion To Remand, filed February 26, 1999 (Doc. No. 9). For the reasons contained in this Opinion, the motion will be GRANTED.

Plaintiff, the Pueblo of Pojoaque, filed a Civil Complaint in the Tribal Court for the Pueblo of Pojoaque, State of New Mexico, against Defendant, Dennis R. Holloway,

alleging breach of contract, conversion and copyright infringement in connection with architectural work performed for the Pueblo by Holloway. Holloway counterclaimed for breach of contract, and sought to enforce an arbitration agreement. Holloway removed the case to this Court alleging federal jurisdiction pursuant to 9 U.S.C. §§ 1-4, a federal statute on enforcement of arbitration agreements.

In its motion to remand the Pueblo contends there is no removal jurisdiction in the United States District Court for a case removed from a tribal court. I agree.

The relevant removal statute only provides for removal from state courts:

> Except as otherwise expressly provided by Act of Congress, any civil action brought *in a State court* of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. ...

28 U.S.C. § 1441(a) (emphasis added).

Controlling precedent compels me to remand this case back to the tribal court. Becenti v. Vigil, 902 F.2d 777 (10th Cir. 1990). Becenti involved removal from the Jicarilla Apache Tribal Court pursuant to 28 U.S.C. § 1442(a)(1), which provides for removal of actions against federal officers and agencies. "This provision, like the removal jurisdiction granted in Sections 1441 and 1443(1) of Title 28, speaks only of removal of actions brought in 'State' courts." Id. at 779. Noting that Congress has expressed in 28 U.S.C. § 1451 and 48 U.S.C. § 864 that cases filed in the District of Columbia and

2

Puerto Rico are removable, the Tenth Circuit concluded that "the statutory language referring to actions commenced in 'State court' does not extend to an action in the Jicarilla Apache Tribal Court." Id. at 780. It further stated that "[u]ntil Congress authorizes the removal of such tribal court proceedings, the federal courts may not exercise jurisdiction over them." Id.

Defendant does not respond to this argument in its Response. This tactic of avoiding, ostrich-like, controlling Tenth Circuit precedent on a dispositive jurisdictional issue is both ineffective and inexcusable. Such dereliction reflects negatively on the competence and ethics of counsel. Although counsel has not technically violated Rule 16-303(A)(3) of the Rules of Professional Conduct because the case was "disclosed by opposing counsel," Ms. Kinney has presented what I consider misleading legal argument by failing to "recognize the existence of pertinent legal authorities." N.M.R.A. 1999 Rule 16-303, ABA comment. *See also* N.M.R.A. 1999 Rule 16-101 (duty to provide "competent representation," which includes briefing relevant caselaw); Fed. R. Civ. P. 11(b)(1) and (2) (signature of attorney on pleading certifies, after reasonable inquiry, that legal contentions are warranted by existing law).

I have discretion to award costs and expenses upon remand:

> An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c). This is an especially appropriate case for awarding costs and

3

expenses. Plaintiff may file its motion for costs and fees pursuant to local rule, D.N.M.LR-Civ 54.5(a).

NOW THEREFORE IT IS ORDERED that Plaintiff's Motion To Remand is hereby GRANTED; this case shall be remanded to the Tribal Court of the Pueblo of Pojoaque.

IT IS FURTHER ORDERED that Plaintiff shall recover its costs and expenses incurred as a result of the removal.

_____
SENIOR UNITED STATES DISTRICT JUDGE


Counsel for Plaintiff: Jana C. Werner, Santa Fe, N.M.

Counsel for Defendant and Counterclaimant: Suzanne B. Kinney, BARLOW & KINNEY, Albuquerque, N.M.