# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PUEBLO OF POJOAQUE,

        Plaintiff,

vs.                                 No. CV 98-1517 SC/LFG

DENNIS R. HOLLOWAY,

        Defendant.


DENNIS R. HOLLOWAY, individually and
DENNIS R. HOLLOWAY, d/b/a POEH
ARCHITECTURE & PLANNING,

        Counterclaimants,

vs.

PUEBLO OF POJOAQUE,

        Counterdefendant.


## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on (1) Plaintiff's Motion for Costs and Expenses, filed April 23, 1999 (Doc. No. 16), and (2) Motion To Reconsider Findings Against Attorney, filed May 3, 1999 (Doc. No. 20).

In a memorandum opinion and order filed March 24, 1999, remanding this case to tribal court, I indicated I would award Plaintiff's costs and expenses, including attorney

fees, incurred as a result of the removal. To his and his counsel's credit, Defendant has stipulated that the amount requested, $5,165.41, is an appropriate award. The Court has reviewed the request for costs and fees and finds the amount requested to be reasonable.

Plaintiff suggests that the Court impose the costs and fees under the authority of Fed. R. Civ. P. 11. Counsel for Defendant responds that Rule 11 sanctions are not warranted. She also argues that the procedural prerequisites for awarding Rule 11 sanctions have not been complied with, and requests that the judgment for costs and fees not be extended to include counsel jointly and severally. I decline to rule on the propriety of Rule 11 sanctions, and will leave to the attorney-client relationship the question of who should bear the burden of satisfying the judgment for costs and fees.

The motion to reconsider is filed by counsel for Defendant. In the March 24, 1999 memorandum opinion and order, I found that Ms. Kinney had presented misleading legal argument by failing to recognize the existence of controlling Tenth Circuit precedent on a dispositive issue, i.e., the lack of removal jurisdiction for any case filed in a tribal, rather than a state, court. I found that the tactic of avoiding discussion of controlling precedent is both ineffective and inexcusable, and reflects negatively on the competence and ethics of counsel. Ms. Kinney seeks to have the Court reissue the opinion without this language. Nothing presented in the motion to reconsider convinces me the language is unjustified.

NOW, THEREFORE, IT IS ORDERED that Plaintiff's Motion for Costs and Expenses is hereby GRANTED. A Judgment will be entered separately.

IT IS FURTHER ORDERED that the Motion To Reconsider Findings Against

Attorney is hereby DENIED.


_____
SENIOR UNITED STATES DISTRICT JUDGE



Counsel for Plaintiff:  Jana C. Werner, Santa Fe, N.M.

Counsel for Defendant:  Suzanne B. Kinney, BARLOW & KINNEY, Albuquerque, N.M.